IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Alex D. Taylor, # 274939, ) | C/A No.: 1:10-3065-TLW-SVH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Warden, Leiber Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

      Petitioner Alex D. Taylor, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civ. R. 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district judge. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Petitioner is an inmate at Lieber Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system.

      This is Petitioner's initial § 2254 Petition addressing numerous criminal convictions and a thirty-year sentence entered on a guilty plea in Horry County in 2001. According to the allegations in the Petition, no direct appeal was filed, but Petitioner did file a state Post-Conviction Relief ("PCR") application in the Horry County Court of Common Pleas within one year of the entry of his convictions and sentence. Petitioner states that his first PCR application was, for unknown reasons, voluntarily dismissed in

2003.  It appears that nothing further was filed by Petitioner to contest his convictions and sentence until six years later, in 2009, when he filed a second PCR application attempting to raise a "novel" issue of "subject matter jurisdiction."  In the second PCR application, Petitioner asserted that the Horry County criminal trial court was without subject matter jurisdiction to accept his guilty plea in 2001 and enter the resulting thirty-year sentence. He claimed that there was a lack of jurisdiction to impose his sentence because the South Carolina state Constitution (Art. 12, § 2) calls for rehabilitation of state prisoners, and SCDC does not provide rehabilitation to its prisoners.[1]  The second PCR case was dismissed without a hearing, and the South Carolina Supreme Court refused to issue a writ of certiorari or otherwise review the trial court's dismissal order.  The only ground for relief asserted in the Petition is "that the Court lacked the jurisdiction to impose upon me a sentence of commitment of confinement to the SCDC." Petition at 5 [Entry #1].  In response to the petition form question about timeliness of his filing, Petitioner states that his understanding is "that a subject matter jurisdiction claim challenging the court's jurisdiction, may be raised at any time . . . ."  *Id*. at 13.  He seeks to have his sentence vacated.

---

[1] That state constitutional provision states: "The General Assembly shall establish institutions for the confinement of all persons convicted of such crimes as may be designated by law, and shall provide for the custody, maintenance, health, welfare, education, *and rehabilitation of the inmates*."  S.C. Const., art. 12, § 2 (emphasis added).

I.      Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

II.     Discussion

It is well settled that claims arising from state law are not cognizable grounds for habeas corpus relief under 28 U.S.C. § 2254. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("federal habeas corpus relief does not lie for errors of state law . . . it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citations and quotations omitted); *Chance v. Garrison*, 537 F.2d 1212 (4th Cir. 1976); *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960). Jurisdiction of the trial court in a state court criminal matter is a state law issue that is not cognizable in federal court. *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998) (citing *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (question of whether state trial court is vested with jurisdiction under state law is not for the federal judiciary to determine)); *see Foster v. Cartledge*, No. 2:09-645-HMH-RSC, 2009 WL 3387241, *5 (D.S.C. Oct. 19, 2009), *appeal dismissed*, 368 F. App'x 409 (4th Cir. 2010). Therefore, because the sole ground for relief stated in the Petition filed in this case is that the state trial court did not have proper "subject matter jurisdiction" to convict and sentence Petitioner because he was allegedly violating the South Carolina state Constitution in doing so, the undersigned recommends the Petition in this case be dismissed.

III.     Recommendation

For the foregoing reasons, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without issuance and service of process upon Respondent.

IT IS SO RECOMMENDED.

February 7, 2011                                                Shiva V. Hodges
Florence, South Carolina                                 United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**